PER CURIAM.
Defendant appeals his conviction for robbery with actual possession of a firearm; burglary of a dwelling with a deadly weapon and an assault or battery therein; and sexual battery with great harm and a deadly weapon by multiple perpetrators on a person older than twelve. Because we find Defendant’s arguments on appeal without merit, we affirm.
Defendant along with two co-defendants entered a home wearing white hockey masks and carrying pistols. The defendants tied up the four occupants of the home and searched, unsuccessfully, for drugs. The female occupant was blindfolded and forced, repeatedly, to have sex. One occupant indicated that he knew where to find drugs and led two of the three defendants to a nearby residence. The defendants tied up the occupants of the second home and took cocaine and marijuana from inside. At Defendant’s trial, in addition to the victims’ testimony, the State presented DNA evidence recovered from a condom found at the first home, cell phone records placing Defendant and his co-defendants near both homes on the night of the crimes and the certified copy of a plea entered by Defendant at the Broward County Courthouse for operating a vehicle without a valid driver’s license. The plea was entered on the same date and around the same time that the cell phone tower servicing the Courthouse picked up a call from a cell phone used during the crimes. This phone was linked to Defendant.
Defendant argues on appeal that admission of evidence regarding crimes occurring at the second residence was error; that the State failed to establish the qualifications of its DNA expert; that admission of the certified copy of the plea was error; that the trial court erred in concluding that he waived any objection to certification of the cell phone records; and that the State improperly bolstered the strength of DNA evidence during closing argument. After reviewing the record and finding no basis for error, we affirm Defendant’s convictions.

Affirmed.

MAY, C.J., STEVENSON and CIKLIN, JJ., concur.